**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**
**DOCKETING STATEMENT--CIVIL/AGENCY CASES**

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | Espin et al v. Citibank, N.A (Case No. 23-2083) |
| **Originating No. & Caption** | Espin et al v. Citibank, N.A. (22-cv-00383-BO-RN) |
| **Originating Court/Agency** | U.S. District Court for Eastern District of North Carolina |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 9 U.S.C. §16(a) | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | September 29, 2023 | |
| Date notice of appeal or petition for review filed | October 13, 2023 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ○ Yes | ◉ No |
| If appeal is not from final judgment, why is order appealable? 9 U.S.C. § 16(a) gives Citibank a statutory right to appeal from an order denying a motion to compel arbitration under 9 U.S.C. §§ 3-4. Citibank has appealed from such an order here. | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ◉ No |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ● Yes | ○ No |
| Has transcript been filed in district court? | ● Yes | ○ No |
| Is transcript order attached? | ○ Yes | ● No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | N/A | |
| Case number of any pending appeal in same case | N/A | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | N/A | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ● Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| See Attachment 1. |

**Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary)

See Attachment 2

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: Pablo Espin (see Attachment 3 for additional counsel) | Adverse Party:  Nicholas Padao (see Attachment 3 for additional counsel) |
| Attorney: Eric Knoll Lowney<br>Address:  Smith and Lowney PLLC<br>2317 E. John St.<br>Seattle, WA 98112 | Attorney: Eric Knoll Lowney<br>Address:  Smith and Lowney PLLC<br>2317 E. John St.<br>Seattle, WA 98112 |
| E-mail: knoll@smithandlowney.com | E-mail: knoll@smithandlowney.com |
| Phone: 206-860-2883 | Phone: 206-860-2883 |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party:  Jeremy Bell (see Attachment 3 for additional counsel) | Adverse Party:  Keith Taylor (see Attachment 3 for additional counsel) |
| Attorney: Eric Knoll Lowney<br>Address:  Smith and Lowney PLLC<br>2317 E. John<br>Seattle, WA 98112 | Attorney: Eric Knoll Lowney<br>Address:  Smith and Lowney PLLC<br>2317 E. John St.<br>Seattle, WA 98112 |
| E-mail:  knoll@smithandlowney.com | E-mail: knoll@smithandlowney.com |
| Phone:  206-860-2883 | Phone:  206-860-2883 |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: Citibank, N.A. (see Attachment 3 for additional counsel)<br><br>Attorney: Andrew J. Pincus<br>Address: Mayer Brown LLP<br>1999 K. Street N.W.<br>Washington D.C. 20006<br><br><br>E-mail: apincus@mayerbrown.com<br><br>Phone: 202-263-3000 | Name:<br><br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** | |
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ Andrew J. Pincus _____     **Date:** \_\_\_\_\_ 10/31/23 \_\_\_\_\_

**Counsel for:** Citibank, N.A. _____

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |
| Signature: | Date: |

## Espin et al. v. Citibank, N.A. - Docketing Statement
## Nature of Case (Attachment 1)

This is an appeal from the denial of defendant Citibank, N.A.'s motion to compel plaintiffs to arbitrate their claims and to stay the district court action until the arbitrations are concluded. The Federal Arbitration Act authorizes an interlocutory appeal from the denial of such a motion. 9 U.S.C. § 16(a).

The plaintiffs are current or former active-duty servicemembers who filed a putative class action challenging aspects of Citibank's credit card benefits program for members of the military. The Servicemembers Civil Relief Act (SCRA) caps at 6% the interest rate charged to active duty servicemembers on their credit card debt incurred prior to active duty service. 50 U.S.C. § 3937(a)(1). Citibank's program is more protective of servicemembers' interests than the SCRA requires: Under Citibank's program, active duty servicemembers receive a 0% rather than 6% rate, and that 0% rate applies both to preexisting balances and new purchases made while the individual is on active duty. Plaintiffs nonetheless allege that Citibank's benefits program is unlawful and was designed to attract military customers who subsequently would be required to pay normal, contractually-specified rates on their balances once they left active service. Plaintiffs allege that the program violates the SCRA, the Military Lending Act (MLA), the Truth in Lending Act (TILA) as amended by the CARD Act of 2009, and the contracts between Citibank and its customers. Citibank strenuously denies the allegations.

Because each plaintiff entered into a cardmember agreement with Citibank that includes an arbitration clause, Citibank moved to compel arbitration. The district court denied the motion.

The district court's order denying arbitration turned entirely on a 2019 amendment to the SCRA, which added a provision stating that covered servicemembers asserting SCRA claims may "be a representative party on behalf of members of a class or be a member of a class, in accordance with the Federal Rules of Civil Procedure, notwithstanding any previous agreement to the contrary." 50 U.S.C. § 4042(a).

The district court held that this amendment required denial of Citibank's motion to compel arbitration. First, the court relied on its view of the combined effect of (1) what it concluded was the SCRA provision's guarantee that a covered servicemember may bring a class action in court notwithstanding an arbitration agreement requiring that disputes be determined individually in arbitration, and (2) the non-severability clause in Citibank's arbitration agreement stating that the arbitration agreement would not apply to a claim as to which the claimant was entitled to bring a class proceeding. The court held that because in its view the SCRA required class proceedings despite the parties' agreement to arbitrate on an individual basis, and the arbitration agreement stated that it was invalid if class proceedings were required notwithstanding its prohibition on such

1

proceedings, the arbitration agreement was invalid. The district court held in addition that the SCRA amendment invalidates agreements to arbitrate on an individual basis. Finally, the court held that the SCRA amendment applies retroactively to arbitration agreements like the plaintiffs' that were formed before the enactment of the 2019 amendment.

Although the SCRA amendment expressly applies only to SCRA claims—and therefore does not apply to plaintiffs' other claims in this case (*e.g.*, the MLA, TILA, and contract claims)—the court nonetheless held that the SCRA amendment invalidated the arbitration agreement as to all claims. The court did not reach plaintiffs' remaining arguments that (1) the MLA invalidates their arbitration agreements; and (2) that those agreements are invalid because they are unconscionable and violate public policy.

## Espin et al. v. Citibank, N.A. - Docketing Statement
## List of Issues on Appeal (Attachment 2)

1) Whether the 2019 amendment to the Servicemembers Civil Relief Act, 50 U.S.C. § 4042(a)(3), which does not mention arbitration, overrides the Federal Arbitration Act's requirement that courts enforce arbitration agreements providing for individualized arbitration of federal statutory claims.

2) If 50 U.S.C. § 4042(a)(3) does not override the Federal Arbitration Act, whether the district court erred in holding that language in the arbitration agreements prohibiting arbitrators from resolving class claims entitles plaintiffs to bring a class action in court.

3) If 50 U.S.C. § 4042(a)(3) does override the Federal Arbitration Act, whether it applies retroactively to invalidate arbitration agreements entered into before the provision's enactment.

4) If 50 U.S.C. § 4042(a)(3) overrides the Federal Arbitration Act and applies retroactively, whether it invalidates plaintiffs' agreements for individual arbitration of non-SCRA claims.

5) Whether the provisions of the Military Lending Act invalidating certain arbitration agreements (50 U.S.C. §§ 987(e)(3) & (f)(4)) apply to arbitration clauses in credit card agreements for accounts opened before the Department of Defense exercised its delegated authority to extend the Act's provisions to credit cards.

6) Whether the agreements between Citibank and plaintiffs providing for arbitration of disputes arising out of or relating to plaintiffs' credit card accounts are unconscionable or violate public policy.

# Espin et al. v. Citibank, N.A. - Docketing Statement
# Additional Counsel (Attachment 3)

**Counsel for Pablo Espin, Nicholas Padao, Jeremy Bell, and Keith Taylor**

Knoll D. Lowney
Claire Tonry
Marc Zemel
Alyssa Koepfgen
Smith & Lowney, PLLC
2317 E. John Street
Seattle, Washington 98112
Tel: (206) 860-2883
Fax: (206) 860-4187
Knoll@smithandlowney.com
Claire@smithandlowney.com
Marc@smithandlowney.com
Alyssa@smithandlowney.com

Matthew D. Ballew
Paul J. Puryear, Jr.
Zaytoun Ballew & Taylor, PLLC
3130 Fairhill Drive, Suite 100
Raleigh, NC 27612
Tel: (919) 832-6690
Fax: (919) 831-4793
MBallew@zaytounlaw.com
RZaytoun@zaytounlaw.com
PJPuryear@zaytounlaw.com

**Counsel for Citibank, N.A.**

Lucia Nale
Kyle J. Steinmetz
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 6060
Tel: (312) 782-0600
Fax: (312) 706-8474
lnale@mayerbrown.com
ksteinmetz@mayerbrown.com

Andrew J. Pincus
Archis A. Parasharami
Kevin Ranlett
Mayer Brown LLP
1999 K. Street NW
Washington, DC 20006
Tel: (202)-263-3000
Fax: (202) 263-3300
apincus@mayerbrown.com
aparasharami@mayerbrown.com
kranlett@mayerbrown.com